# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHNNY LAYNE,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-141-2

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following his jury-trial conviction for assaulting a federal officer, in violation of 18 U.S.C. § 111, while a federal prisoner, Johnny Layne contends the district court violated 28 U.S.C. § 753(b) (mandating verbatim recording of "all proceedings in criminal cases had in open court"), by conducting an untranscribed, in-chambers discussion with a juror.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-30208

Along that line, before the case was submitted to the jury, that juror had sent the judge a note revealing he had consulted a dictionary for definitions of "attack" and "severe". After receiving the note, the judge: spoke with the parties; spoke with the juror and dismissed him; reported to the parties the substance of the conversation with the juror; and explained the juror had been dismissed. All of this had been without objection.

Appeal of this claim has arguably been waived because defense counsel affirmatively stated there was no objection to the juror's dismissal. *See Rogers v. Quarterman*, 555 F.3d 483, 490 (5th Cir. 2009) (holding an affirmative statement of "no objection" waived any error in the admission of evidence). In any event, we will review for plain error. Under the plain-error standard, Layne must show a clear or obvious forfeited error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he shows such reversible plain error, this court has the discretion whether to correct the error, and should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

This court has held a "charge conference in chambers was not in open court" and thus not subject to § 753(b). *United States v. Jenkins*, 442 F.2d 429, 438 (5th Cir. 1971). Although *Jenkins* does not address in-chambers conversations with a juror, it is sufficient to show any error in failing to record the conversation in this instance was neither clear nor obvious. *See Puckett*, 556 U.S. at 135. Moreover, the district court has broad discretion in dealing with possible outside influences on a jury and was permitted to handle the situation as it did, "in the least disruptive manner possible". *United States v. Ramos*, 71 F.3d 1150, 1153 (5th Cir. 1995).

Layne claims that, without a transcript, he cannot be sure the court considered whether the dismissed juror's dictionary definitions contaminated

No. 13-30208

the jury's deliberation.  Contrary to Layne's claim, the dismissed juror sought the court approval prior to discussing the dictionary definitions with the jury. Nevertheless, the court gave the jury a curative instruction, which the jury is presumed to have followed.  *See United States v. Davis*, 609 F.3d 663, 677 (5th Cir. 2010).

AFFIRMED.